UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD G. SHAW,

        Plaintiff,

v.                                    Case No. 06-13889
                                    Honorable Patrick J. Duggan

EARL B. ASHFORD,

        Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 5, 2006

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

This lawsuit arises from Defendant's decision, acting in his capacity as an Administrative Law Judge for the State of Michigan, to deny Plaintiff's request for a rehearing after Plaintiff's claim for unemployment benefits under the Michigan Employment Security Act was denied. In his complaint, filed on August 31, 2006, Plaintiff alleges that Defendant, by denying Plaintiff's request for a rehearing, deprived him of his constitutional rights to due process and equal protection. Presently before the Court is Defendant's motion for dismissal, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On November 27, 2006, this Court issued a notice, informing the parties that it is dispensing with oral argument pursuant to Eastern District of

Michigan Local Rule 7.1(e)(2).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-33, 89 S. Ct. 1843, 1848-49 (1969)). A court may dismiss a claim pursuant to 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). Plaintiff's complaint is subject to dismissal pursuant to Rule 12(b)(6) because Defendant is entitled to absolutely immunity.

The allegations in Plaintiff's complaint center around Defendant's conduct in his capacity as a State of Michigan Administrative Law Judge. It is well settled that "individuals performing duties closely associated with the judicial process" are entitled to absolute immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S. Ct. 496, 500 (1985). The Supreme Court has held that judicial immunity extends to administrative law judges sued for damages liability for their judicial acts. *See Butz v. Economou*, 438 U.S. 478, 511-14, 98 S. Ct. 2894, 2913-15 (1978); *see also Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988)(extending judicial immunity to state administrative law judges).

Accordingly,

**IT IS ORDERED**, that Defendant's motion for dismissal is **GRANTED**.

                                                 s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copies to:
Ronald G. Shaw
Detroit, MI 48210

Martin J. Vittands