UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD G. SHAW,

    Plaintiff,

v.                                                     Case No. 06-13889
                                                        Honorable Patrick J. Duggan

EARL B. ASHFORD,

    Defendant.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, of December 21, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On August 31, 2006, Plaintiff filed this action against Defendant Earl B. Ashford, "acting in his official capacity as Administrative Law Judge." (Compl. at 2). In his complaint, Plaintiff contends that Defendant deprived him of his constitutional rights to due process and equal protection when Defendant denied Plaintiff's request for a rehearing after Plaintiff's claim for State unemployment benefits was denied.

On October 31, 2006, Defendant filed a Motion to Dismiss contending that he is entitled to absolute immunity. On December 5, 2006, this Court issued an opinion and order holding that Defendant is entitled to absolute immunity. The Court therefore granted Defendant's motion and dismissed Plaintiff's complaint. On December 15, 2006,

1

Plaintiff filed a Motion for Reconsideration.

The essence of Plaintiff's claim for reconsideration is that "[t]he record of the herein matter, is completely void of any evidence or testimony that I had committed any, behavior acts of gross misconduct that had been connected to my work." (Compl. at 6). Plaintiff therefore concludes: ". . . [T]he Administrative Law Judge, in the herein matter, never had jurisdiction over the herein subject-matter." (*Id*.)[1]

Plaintiff's jurisdictional argument is irrelevant to this Court's finding that Defendant is entitled to absolute immunity. Defendant was acting in his capacity as an Administrative Law Judge when he denied Plaintiff's claims. Thus he is entitled to absolute immunity.

Motions for reconsideration are governed by Local Rule 7.1(g) which provides in relevant part:

> . . . the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g). The Court is satisfied that there is no "palpable defect" in its opinion and order of December 5, 2006.

---

[1] It is doubtful that Plaintiff would contend that the Administrative Law Judge was acting "without jurisdiction" if he had ruled in Plaintiff's favor.

Therefore,

**IT IS HEREBY ORDERED**, that Plaintiff's Motion for Reconsideration is

**DENIED.**

                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Ronald G. Shaw
Martin J. Vittands